FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHNNY CORDOVA,

Petitioner - Appellant,

v.

C. A. TERHUNE; RODNEY HICKMAN,

Respondents - Appellees.

No. 09-16554

D.C. No. 5:01-cv-20168-JF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Argued and Submitted September 1, 2010
San Francisco, California

Before: B. FLETCHER, TALLMAN and RAWLINSON, Circuit Judges.

Petitioner Johnny Cordova appeals the district court's denial of his post-Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254 habeas corpus petition following an evidentiary hearing on the issue of ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Cordova's claim of ineffectiveness turns on his allegations that his counsel failed to timely communicate to him a plea offer and its limited duration. In this context, Cordova argues that the district court erred in relying on counsel's statement that his custom and practice was to communicate any offers fully and accurately, even though counsel had no recollection of what he actually did in Cordova's case.

The statement was admissible. *See* Fed. R. Evid. 406. Further, the district court did not rely exclusively on counsel's statement, but considered it along with other admissible evidence (see below) to determine whether counsel was ineffective.

Cordova next challenges several of the district court's other findings of fact, in addition to the finding that counsel communicated the plea offer timely and accurately. Cordova contends that the district court should have accepted his detailed testimony over the testimony of the prosecutor and counsel, both of whom had trouble remembering details about the relevant events, which had happened more than a decade before the evidentiary hearing.

The district court's decision to credit the prosecutor's and counsel's testimony over Cordova's is a credibility determination entitled to deference where, as here, there was no contradictory extrinsic evidence or internal

2

inconsistency in their testimony. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985). In contrast, Cordova's testimony was implausible and was contradicted by the documentary evidence, including Cordova's written correspondence and recorded jailhouse statements to his wife and his girlfriend, as well as his post-conviction letter to counsel. The district court's findings are not clearly erroneous. *See Nunes v. Mueller*, 350 F.3d 1045, 1051 (9th Cir. 2003).

Having failed to prove that counsel did not communicate the plea offer timely and accurately, Cordova fails to show that counsel acted unreasonably under prevailing professional standards. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). On this record, which reveals that Cordova repeatedly stated that the plea offer was unacceptable to him, he also fails to prove prejudice. *See id*. at 692. We therefore reject his ineffective assistance of counsel claim.

AFFIRMED.